STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         Civil Action
                                                  Docket No. CV-2008-198


CJT Enterprises, LLC,              )
                                   )
                Plaintiff,         )
                                   )
        v.                         )
                                   )              **ORDER**
                                   )
ROPEMAKERS PARK, LLC,              )
                                   )
                Defendant.         )
                                   )


~~For the reasons set forth in~~ Defendant Ropemakers Park, LLC's Motion to Dismiss, ~~the~~

~~motion~~ is **GRANTED** in its entirety and this action is dismissed with prejudice. At the direction
of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a).


Dated: _April 10, 2009_          Signed: _____
                                          Justice, Superior Court


In Count I there is a fully integrated contract, see ¶ 12 of the contract for the sale of commercial real estate, and no contractual provision has been violated. Counts II and III do not apply as Count II applies, at most, to the sale of goods while Count III does not apply to industrial or commercial properties. Maine law does not recognize the claim brought in Count IV. See Meyer v Mark Stimson Associates, 742 A.2d 898, 903 (Me. 1999) and Stevens v Bouchard, 532 A.2d 1028, 30 (Me. 1987). Count V fails as there is a contract. The unfair trade practices claim does not apply in an industrial setting between two businesses. See Count VI and 5 M.R.S.A § 213 (1). Lastly, the fraud claim in Count VII will be dismissed as there is no indication that there was an affirmative statement that was false that was relied upon.

4/10/09          _____

Alexander Saksen, Esq. - PL
Andrew Sparks, Esq. - PL                    1
    1374482.1 Sigmund Schutz, Esq. - DEF